Shabbir v. Holder

BIA
Reid, IJ
A088 938 582

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of April, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

IRFAN SHABBIR, AKA IRFAN SHABBIR MALIK, AKA ALI SHAH-SYED, AKA IRFAN SHABEER,
> *Petitioner,*

> v.                                    11-4963
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONER:          Mitchell C. Zwaik, Zwaik, Gilbert & Associates, P.C., Ronkonkoma, NY.

---

* The Clerk of the Court is directed to amend the official caption to conform to the above.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Keith L. McManus, Senior Litigation Counsel; Michele Y.F. Sarko, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Irfan Shabbir, a native and citizen of Pakistan, seeks review of an October 31, 2011, decision of the BIA affirming the December 9, 2010, decision of Immigration Judge ("IJ") John B. Reid, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Irfan Shabbir*, No. A088 938 582 (B.I.A. Oct. 31, 2011), *aff'g* No. A088 938 582 (Immig. Ct. Batavia Dec. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(quotation omitted). The applicable standards of

review are well-established.  8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

For asylum applications, such as Shabbir's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the internal consistency of the applicant's account, and the consistency of such statements with other record evidence, without regard to whether an inconsistency or inaccuracy "goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 165.

Here, substantial evidence supports the agency's adverse credibility determination, given Shabbir's misrepresentations in his Canadian refugee proceedings, his internally contradictory testimony about an alleged incident in 2001, and a material omission in his asylum application - that he was beaten and tortured while in medical college. *See Xiu Xia Lin,* 534 F.3d at 167.  Shabbir's explanation for his misrepresentations in his Canadian proceedings – he was advised that it would make his application more successful - would not compel a reasonable fact-finder to credit his

3

testimony, *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005), especially given his failure to meaningfully contest the other bases of the adverse credibility determination, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n.7 (2d Cir. 2005).

The agency also reasonably found that Shabbir failed to establish a pattern or practice of persecution of members of prominent Shia families by Sunni extremists in Pakistan. Initially, we may review Shabbir's pattern or practice claim because it is subsidiary to his claims raised before the agency. *See Gill v. INS*, 420 F.3d 82, 86-87 (2d Cir. 2005). The agency reasonably determined that the late-filed copies of letters written by Pakistani officials indicating that his father was on a "hit list" of Sunni extremists were not persuasive evidence supporting his pattern or practice of persecution claim because they did not mention him specifically and because his father remained in Pakistan unharmed. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Moreover, the BIA reasonably determined that while some background evidence indicated the existence of sectarian violence in Pakistan, including violence against Shia

Muslims by extremist Sunni Muslims, the evidence also indicated that the violence was insufficiently widespread to conclude that the persecution was both systematic and pervasive. *See Santoso v. Holder*, 580 F.3d 110, 111-12 (2d Cir. 2009) (*accord* 8 C.F.R. § 1208.16(b)(2)); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

As he has failed to meet the lower burden for asylum eligibility, Shabbir also fails to meet the higher standard for withholding of removal, that it is more likely than not that he would be persecuted in Pakistan. *See generally INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5